UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-20222-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

DWAYNE MICHAEL CARTER,
    a/k/a "Lil Wayne,"

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

DWAYNE MICHAEL CARTER, a/k/a "Lil Wayne" ("Defendant"), enter into the following

agreement:

1.      Defendant understands that he has the right to have the evidence and charges

against him presented to a federal grand jury for determination of whether or not there is probable

cause to believe he committed the offense for which he is charged.   Understanding that right, and

after full and complete consultation with his counsel, Defendant agrees to waive in open court his

right to prosecution by Indictment and agrees that this Office may proceed by way of an

Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2.      The Defendant agrees to plead guilty to the sole count of the Information, which

charges the Defendant with possessing a firearm and ammunition after having been convicted of

a felony offense, in violation of Title 18, United States Code, Section 922(g)(1).

3.      The Defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines").   The Defendant acknowledges and understands that the Court will

1



compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The Defendant understands and acknowledges that the Court may impose a statutory maximum term of ten years' imprisonment, followed by a term of supervised release of up to three years and a fine of up to $250,000.

5.     The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant.   The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a Defendant is financially unable to pay the special



assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.    This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea

3



agreement, including but not limited to committing a state or federal offense, violating any term

of release, or making false statements or misrepresentations to any governmental entity or official.

8.     The parties agree that, although not binding on the probation office or the Court,

they will jointly make the following recommendations at sentencing:

     a.   The base offense level is 14 pursuant to U.S.S.G. § 2K2.1(a)(6);

     b.   No enhancements apply;

     c.   A 2-level reduction applies for acceptance of responsibility;

     d.   The Adjusted Offense Level is 12;

     e.   It is the position of the United States that the Defendant qualifies as criminal history

         category III, and it is the position of the Defendant that he qualifies as criminal

         history category II; and

     f.   The United States agrees to recommend a sentence of imprisonment at the low end

         of the Guidelines Range.   The Defendant retains his right to request a downward

         variance or departure from the Guidelines Range.

9.     The Defendant is aware that the sentence has not yet been determined by the Court.

The Defendant also is aware that any estimate of the probable sentencing range or sentence that

the Defendant may receive, whether that estimate comes from the Defendant's attorney, this

Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the

probation office, or the Court.   The Defendant understands further that any recommendation that

this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise,

is not binding on the Court, and the Court may disregard the recommendation in its entirety.   The

Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that



the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm and ammunition involved in or used in Count 1 to which the defendant is pleading guilty.

11.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution.   In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12.     This Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph 2 of this agreement. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's



Standing Discovery Order. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

13.     The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range to which the parties have stipulated in paragraph 8 of this Plea Agreement.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

14.     This agreement resolves the defendant's federal criminal liability in the Southern District of Florida related to the events described in the Factual Proffer.



15.    This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _____12/10/2020_____    By: _*Daniel J. Marcet*_____
                                     DANIEL J. MARCET
                                     ASSISTANT UNITED STATES ATTORNEY

Date: __12/11/20__    By: __/s/ Howard Srebnick_____
                           HOWARD SREBNICK
                           COUNSEL FOR DEFENDANT

Date: __12/11/20__    By: __/s/ Dwayne Carter_____
                           DWAYNE MICHAEL CARTER
                           DEFENDANT